**In re Max Otto Henri RASMUSSEN.**

**Appeal No. 81–516.**

United States Court of Customs and Patent Appeals.

June 4, 1981.

George Vande Sande, Washington, D. C., for appellant.

Joseph F. Nakamura, Sol., Washington, D. C., Robert D. Edmonds, Associate Sol., Washington, D. C., of counsel.

Before MARKEY, Chief Judge, RICH, BALDWIN, MILLER, and NIES, Judges.

MARKEY, Chief Judge.

The decision of the Patent and Trademark Office Board of Appeals (board) affirming the rejection of claim 6 under 35 U.S.C. § 132 is reversed.

## Background

Appealed claim 6 is contained in reissue application S.N. 884,775, filed March 8, 1978.[1] Original claim 6 in the reissue application was directed to a method of manufacturing a thermal insulating member.[2] Rasmussen described in his specification the steps of applying adhesive to one side of a tubular plastic film, winding the film around two spaced drums, and, when the desired number of layers have been wound, cutting the film layers transversely to the direction of winding. When the film units are unfolded and extended, a plastic laminate in one of the forms shown below results:

Viewing the particular method of adhering the layers of tubular film as immaterial, Rasmussen later amended claim 6, inter alia, by substituting "adheringly applying" for language specifying use of adhesives.[3]

The examiner rejected the amended claim, saying "adheringly applying" was

---

1. That application seeks reissue of U.S. Patent 3,963,549, issued June 15, 1976.

2. 6. A method of manufacturing a thermal insulating member from a thin film of plastic material and comprising a pair of spaced opposing generally parallel sidewalls which are bridged by a plurality of spaced transverse walls comprising the steps of:

   winding a continuous length of a tube formed of the plastic material in its flattened state into a generally cylindrical member whose circumference corresponds to the desired width of the insulating member,

   *applying to the flattened tube a band of adhesive* of predetermined width corresponding substantially to the width of said spaced transverse walls and thus to the desired spacing between the sidewalls, said application of adhesive occurring prior to the contacting of the flattened tube during the winding step to the portion of the tube already wound onto the cylindrical member so that successive layers of said tubular member on said cylindrical member adhere to each other along the predetermined width of adhesive application,

   terminating the winding of the plastic tube onto the cylindrical member when a predetermined number of layers of the plastic tube has been wound thereon corresponding to the desired length of the thermal insulating member,

   and cutting the superimposed assemblage of successively adhering layers of the plastic tube in a direction transverse to the longitudinal direction of the tube,

   said assemblage when longitudinally straightened and then extended in a direction transverse to the longitudinal direction of the tube so as to expand the successively joined tubes forming said thermal insulating member. [Emphasis added.]

3. Amended claim 6 reads as follows:

   6. A method of manufacturing a thermal insulating member from a thin film of material and comprising a pair of spaced opposing generally parallel sidewalls which are bridged by a plurality of spaced transverse walls comprising the steps of:

   winding a continuous length of a tube formed of the material in its flattened state onto a generally cylindrical member whose circumference corresponds to the desired width of the insulating member, each successive layer of said tube being wound to overlie the immediately preceding layer to provide thereby a generally cylindrical band of tubular layers extending axially along said cylindrical member a distance corresponding substantially to the flattened width of said tube,

   *adheringly applying* the flattened tube during the winding step to the portion of the tube already wound onto the cylindrical member *over a band of predetermined width* corresponding substantially to the desired width of said spaced transverse walls and thus to the desired spacing between said sidewalls,

   terminating the winding of the tube onto the cylindrical member when a predetermined number of layers of the tube has been wound thereon corresponding to the desired length of the thermal insulating member,

   and cutting the superimposed assemblage of successively adhering layers of the tube in

"new matter" prohibited by § 132, explaining that limitation of the scope of the original disclosure to use of adhesives meant that allowance of the broader claim would be an enlargement of the scope of the disclosure.

The board affirmed, saying Rasmussen's application disclosed only one embodiment (applying adhesive to join the sheets) and that broadening the scope of the claim added new matter to the application.

### Issue

The issue presented is whether amended claim 6 was properly rejected under 35 U.S.C. § 132.

### OPINION

Confusion is generated when related but distinct statutory provisions are treated as interchangeable. Section 132 prohibits the introduction of new matter into the disclosure of an application. Section 112, first paragraph, requires that claim language be supported in the specification. This court, having said that a rejection of an amended claim under § 132 is equivalent to a rejection under § 112, first paragraph, for lack of support, appears to have contributed to the treatment of those separate statutory sections as interchangeable. *See In re Hogan*, 559 F.2d 595, 608, 194 USPQ 527, 539 (CCPA 1977), *In re Wertheim*, 541 F.2d 257, 265, 191 USPQ 90, 99 (CCPA 1976), *In re Bowen*, 492 F.2d 859, 864, 181 USPQ 48, 52 (CCPA 1974), *In re Smythe*, 480 F.2d 1376, 1385, 178 USPQ 279, 286 (CCPA 1973).[4]

Apparently reluctant to reverse on the sole ground that an improper statutory pro-

vision had been employed, and recognizing the burden on the parties inherent in a return of the case for application of § 112, this court has reviewed § 132 claim rejections on the basis of whether the rejected claim found support in the original disclosure. *See In re Eickmeyer*, 602 F.2d 974, 981, 202 USPQ 655, 662 (CCPA 1979); *In re Barker*, 559 F.2d 588, 593–94, 194 USPQ 470, 474 (CCPA 1977); *In re Winkhous*, 527 F.2d 637, 640, 188 USPQ 129, 131 (CCPA 1975).

Similarly, new matter rejections of claims under § 251 have been reviewed on the basis of a § 112 analysis, that is, on whether a claim found support in an original patent. *See In re East*, 495 F.2d 1361, 1366, 181 USPQ 716, 719 (CCPA 1974).

As is illustrated in the present case, employment of §§ 132 and 112 as interchangeable leads to confusion of two distinct concepts: (1) the adding of new matter to the disclosure; and (2) the broadening of a claim.

Broadening a claim does not add new matter to the disclosure. Disclosure is that which is taught, not that which is claimed.[5] An applicant is entitled to claims as broad as the prior art and his disclosure will allow.

The proper basis for rejection of a claim amended to recite elements thought to be without support in the original disclosure, therefore, is § 112, first paragraph, not § 132. The latter section prohibits addition of new matter to the original disclosure. It is properly employed as a basis for objection to amendments to the abstract, specifications, or drawings attempting to

---

a direction transverse to the longitudinal direction of the tube,

said assemblage when longitudinally straightened and then extended in a direction transverse to the longitudinal direction of the tube so as to expand the successively joined tubes forming said thermal insulating member. [Emphasis added.]

4. MPEP 706.03(*o*), 608.04–608.04(c), and 1411.-02 relate to considerations set forth herein.

5. We deal here with rejection of amended claims, and, by implication, with rejection of

entire new claims submitted after filing. An original claim is part of the disclosure at the time of filing. *In re Anderson*, 471 F.2d 1237, 1238, 176 USPQ 331, 332 (CCPA 1973). Consideration of an original claim as evidencing support in the disclosure for later submitted claims does not warrant employment of § 132 as a basis for rejection of later submitted claims on the ground that the latter are adding new matter to the original claim portion of the disclosure. To so hold would render § 132 redundant in light of § 112, first paragraph.

add new disclosure to that originally presented. Past opinions of this court, in cases in which a § 132 claim rejection was reviewed on a § 112 analysis, should not in future be viewed as having approved the employment of § 132 as a basis for claim rejection. The amended claims involved in those cases should have been rejected under § 112, first paragraph. The claim rejections in those cases could then have been explicitly affirmed or reversed on direct applications of § 112, rather than on § 112 analyses applied to § 132 rejections.[6] Accordingly, such cases are overruled insofar as they approved rejection of claims under § 132.

■ Turning to the merits of this appeal, we will again treat a § 132 claim rejection before us as though it had been made under § 112, first paragraph. We proceed to decide the case on that basis in the interest of judicial economy. Were we to merely reverse the rejection as having been made under an inappropriate statutory provision, and say no more, the PTO would presumably enter a rejection under § 112 and that decision would then be appealable to this court.

Amended claim 6 recites the adhering step as "adheringly applying" one layer of tube to an adjacent earlier layer. Rasmussen's specification describes that step as follows: "[A]dhesive is applied to the tubular foil 4 in a narrow or broader strip, possibly in two narrow strips. Accordingly, the face of the tubular foil successively sticks to the winding lying on the drums." The language of the specification thus describes one method of "adheringly applying" one layer to the other.

As above indicated, that a claim may be broader than the specific embodiment disclosed in a specification is in itself of no moment. Indeed, the statutory provision for broadened claims in reissue applications

is intended to meet precisely the situation in which a patentee has claimed "less" than he had a right to claim. 35 U.S.C. § 251.

In *In re Smythe*, 480 F.2d 1376, 1384, 178 USPQ 279, 285 (CCPA 1973), this court stated:

A hypothetical situation may make our point clear. If the original specification of a patent application on the scales of justice disclosed only a 1-pound *"lead weight"* as a counterbalance to determine the weight of a pound of flesh, we do not believe the applicant should be prevented, by the so-called "description requirement" of the first paragraph of § 112, or the prohibition against new matter of § 132, from later claiming the counterbalance as a "metal weight" or simply as a 1-pound "weight," although both "metal weight" and "weight" would indeed be progressively broader than "lead weight," including even such an undisclosed, but obviously art-recognized equivalent, "weight" as a pound of feathers. The broader claim language would be permitted because the *description of the use and function* of the lead weight as a scale counterbalance in the *whole disclosure* would immediately convey to any person skilled in the scale art the knowledge that the applicant invented a scale with a 1-pound counterbalance weight, regardless of its composition.

Similarly, one skilled in the art who read Rasmussen's specification would understand that it is unimportant *how* the layers are adhered, so long as they are adhered.[7] Thus the phrase "adheringly applying" is supported by the example found in the specification.

### Conclusion

The phrase "adheringly applying" being supported in the specification, rejection of

---

6. Similarly, rejections of *claims* for lack of support when required in reissue applications should be made under § 112, first paragraph, rather than under the new matter prohibition of 35 U.S.C. § 251.

7. The board seemed to realize that 35 U.S.C. § 112 requires disclosure of only one mode of practicing the invention, but nevertheless in-

sisted upon a boilerplate recitation in the specification that the specific embodiment shown was not meant to limit the breadth of the claims, or that the example given was only one of several methods which could be employed. Such insistence is here an exaltation of form over substance.

that claim under 35 U.S.C. § 132, first paragraph, is *reversed.* Rejection under the appropriate statutory provision, 35 U.S.C. § 112, would have been inappropriate.

*REVERSED*

NIES, Judge, dissents.