**Kurt WESTPHAL, Werner Meiser, Ludwig Eue and Helmuth Hack, Appellants,**

v.

**Maged Mohamed FAWZI, Appellee.**

**Appeal No. 81–537.**

United States Court of Customs and Patent Appeals.

Dec. 10, 1981.

Arnold Sprung, New York City, of counsel, and Leonard Horn, New York City, for appellants.

Michael Conner, Don M. Kerr, Francis A. Paintin, Wilmington, Del. and A. Newton Huff, Havertown Post Office, Pa., for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER, and NIES, Judges.

MARKEY, Chief Judge.

Westphal *et al.* (Westphal) appeals from the decision of the Patent and Trademark Office (PTO) Board of Patent Interferences (board) awarding priority of invention to junior party Fawzi. We *affirm.*

### Background

The interference is defined by 11 counts relating to compounds useful as herbicides. Involved are Westphal patent number 3,671,523 (issued June 20, 1972) and Fawzi application number 526,261 (filed November 22, 1974).

The Westphal application that matured into the involved patent was filed on January 28, 1970, a continuation-in-part of Westphal's parent application filed April 12, 1967, and accorded the benefit of the April 16, 1966 filing date of Westphal's German convention application. The involved Fawzi application is a continuation of Fawzi's parent application, filed November 28, 1966. That parent application matured into patent number 3,905,801 on September 16, 1975. Several references allegedly disclosing compounds of the counts were published in 1967 and 1968. Fawzi first attempted to present claims to the involved compounds *per se* on November 26, 1969 by a motion to amend the counts in an earlier interference between the parent applications of the parties. The counts in that earlier interference were directed only to methods of use of the compounds. That motion was denied. On November 11, 1974 the board awarded priority of invention in that earlier interference to Fawzi. Eleven days later, Fawzi filed the involved continuation application including a preliminary amendment presenting claims to the involved compounds. The present interference was declared on July 23, 1976.

The board found that Fawzi established an actual reduction to practice by at least February 15, 1966, and thus before Westphal's Convention filing date.

### Issues

Did the board err in rejecting Westphal's contention that the compound claims are unpatentable to Fawzi because he presented those claims more than a year after publication of the references?

Did the board err in concluding that there is an interference in fact?

### OPINION

Westphal says his contention that the compound claims are unpatentable to Fawzi is based on a "late claiming" doctrine. We agree with the conclusion of the board that Westphal did not thereby raise an issue ancillary to priority and that the board therefore need not consider it. *Anderson v. Scinta*, 54 CCPA 1269, 372 F.2d 523, 152 USPQ 584 (1967).

■ The board is charged with determining priority of invention. The courts have recognized that certain issues of patentability so affect that determination as to be labeled ancillary to priority, and have held that those issues are subject to consideration by the board. Westphal's contention, however, raises no issue of priority of invention, and no statutory issue affecting the determination of priority. That Westphal couches his argument in non-statutory "late claiming" terms is of no moment. That rubric implicates new matter and lack of support considerations under 35 U.S.C. § 112. *See In re Goldman*, 205 USPQ 1086 (Comm'r Pat.1980). Westphal recognizes that Fawzi's disclosure provides adequate support under § 112 and thus that Fawzi has a right to make the count. Thus, no question of "late claiming," properly understood, is before us.

■ The origin of what has been called a "late claiming" doctrine is found in *Muncie Gear Works, Inc. v. Outboard Marine & Mfg. Co.*, 315 U.S. 759, 62 S.Ct. 865, 86 L.Ed. 1171, 53 USPQ 1 (1942). It is unnecessary here to repeat the many detailed analyses and dissections of the opinion in that case. The interpretation of the Second Circuit, relied on by Westphal, is that *Muncie Gear* enunciated a new "late claiming" doctrine whereby later-presented claims, whether or not directed to subject matter within the original disclosure, may be barred by intervening rights under § 102(b). *See Kahn v. Dynamics Corp. of America*, 508 F.2d 939, 184 USPQ 260 (CA 2 1974), *cert. denied*, 421 U.S. 930, 95 S.Ct. 1657, 44 L.Ed.2d 88, 185 USPQ 505 (1975); *Maclaren v. B–I–W Group Inc.*, 401 F.Supp. 283, 187 USPQ 345 (S.D.N.Y.1975). We reject that interpretation in favor of one more widely endorsed,[1] namely that the holding in *Muncie Gear*, that claims were invalid "if there was public use, or sale, . . . more than two years before the first *disclosure* thereof to the Patent Office" (emphasis added),[2] is an application of the statutory prohibition against the introduction by amendment, after the filing date, of additional disclosure in an application and of claims directed thereto.

■ Interpreting *Muncie Gear* as concerned with a "new matter" issue (*In re Goldman, supra*), the PTO in this case properly refused to recognize the validity of deriving a "late claiming" doctrine from the opinion in *Muncie Gear*. The PTO evaluates later submitted claims on the basis of adequacy of support in the original disclosure. An amendment of a claim or a later filed claim does not change the "date of the application" as the reference date for applicability of the time bars in § 102(b). Further, the effective "date of the application," insofar as the disclosure in the specification is concerned, is the date on which the applicant has satisfied the requirements of § 112. Though introduction of new matter into the disclosure falls under the prohibition of 35 U.S.C. § 132, later submitted claims need only be reviewed for support in the original disclosure under § 112, first paragraph. *In re Rasmussen*, 650 F.2d 1212, 211 USPQ 323 (CCPA 1981).

■ If Westphal had presented a "late claiming" argument, properly understood, it would have raised only the question of whether Fawzi had adequate support in his *disclosure*, as of its filing date, for the later-submitted compound claims. The parent application of Fawzi, though initially containing only method-of-use claims, fully disclosed the compounds *per se*. Fawzi's continuation application, by definition, included that disclosure. Hence the November 28, 1966 filing date of Fawzi's parent application is the effective date of the disclosure supporting the compound claims.

1. *See, e.g., Chicopee Mfg. Corp. v. Kendall Co.*, 288 F.2d 719, 129 USPQ 90 (CA 4 1961); *Acme Highway Products Corp. v. D.S. Brown Co.*, 431 F.2d 1074, 167 USPQ 129 (CA 6 1970), *cert. denied*, 401 U.S. 956, 91 S.Ct. 977, 28 L.Ed.2d 239, 168 USPQ 737 (1971); *Pursche v. Atlas Scraper & Engineering Co.*, 300 F.2d 467, 132 USPQ 104 (CA 9 1961).

2. 315 U.S. at 761, 62 S.Ct. at 866, 53 USPQ at 5. Under the provision applicable at that time, R.S. 4886, the period was two years. Under the corresponding provision, 35 U.S.C. § 102(b), of the present statute, the period is one year.

As above indicated, Westphal does not contest the presence of § 112 support for the compound claims in Fawzi's parent application, but argues that the effective date to which the § 102(b) statutory bars are applicable is the date of presentation (November 26, 1969) of the compound claims. For the reasons discussed above, the pertinent statutory provisions do not permit Westphal's interpretation. Accordingly, "late claiming," as set forth by Westphal, is not a viable doctrine and cannot raise an issue ancillary to priority.

Westphal further contends that there is no interference in fact because the branched alkyl compounds recited in his claims are patentably distinct from the generic alkyl compounds of the Fawzi claims. The board found the documentary evidence and expert testimony offered by Westphal in support of his claim of patentable distinctness to be entitled to little weight, citing inconsistencies and unsupported statements in the testimony and concluding that identification of the tested compounds was based on hearsay. However, even accepting Westphal's documentary evidence and expert testimony as probative and admissible under the business records exception to the hearsay rule,[3] we conclude that there was no error in the board's determination of no patentable distinctness.

AFFIRMED.

---

**3.** Federal Rule of Evidence 803(6).