PITNEY BOWES INC., Plaintiff and Counterclaim, Defendant,

v.

HEWLETT–PACKARD COMPANY, Defendant and Counterclaim, Plaintiff.

No. Civ.3:95CV01764AVC.

United States District Court, D. Connecticut.

Feb. 9, 1998.

Michael J. Dorney, Jacqueline D. Bucar, Tyler, Cooper & Alcorn, New Haven, CT, Michael V. Ciresi, James L. Harlow, Jan M. Conlin, Thomas L. Hamlin, Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, for plaintiff.

Thomas J. Rechen, James G. Green, Jr., Pepe & Hazard, Hartford, CT, Jonathan A. Marshall, John J. Lauter, Jr., Steven I. Wallach, Pennie & Edmonds, New York City, for defendant.

## RULING ON THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY

COVELLO, Chief Judge.

This is an action for infringement and damages brought pursuant to 35 U.S.C. § 271(a). It concerns the alleged infringement of a patent describing a method for generating printed images. The defendant has now filed the within motion for summary judgment, claiming that the plaintiff's patent is invalid for failure to comply with the oath and declaration requirements of 35 U.S.C. § 115.

The sole issue presented by this motion is whether the failure to file a supplemental declaration renders U.S. Patent 4,386,-272 (the '272 patent) invalid. For the reasons hereinafter set forth, the court concludes that the lack of a supplemental oath does not invalidate the '272 patent. Accordingly, the defendant's motion for summary judgment (document no. 175) is denied.

### FACTS

Examination of the complaint, patent records, exhibits, Rule 9(c) statements, and

supplemental materials accompanying the motions for summary judgment, and the responses thereto, discloses the following undisputed material facts.

The plaintiff, Pitney Bowes, Inc. (hereinafter "PB"), is a Delaware corporation. The defendant, Hewlett–Packard Company (hereinafter "HP"), is a California corporation.

The '272 patent is the third in a series of related patents obtained by PB. On July 7, 1978, PB filed patent application Ser. No. 922,596 (the '596 application) which contained 14 claims. The required oath and declaration which accompanied the application named Frank T. Check Jr. and Ronald P. Sansone as inventors. On July 16, 1979, the examiner concluded that the '596 application claimed two separate inventions and divided the original 14 claims into two groups. The first group, consisting of claims 1–9 and 12–14, described a method for correcting the position of a scanning beam. The second group, consisting of claims 10 and 11, described a system for controlling the speed of a scanning beam. PB elected initially to prosecute the first group of claims. On July 22, 1980, U.S. patent 4,214,157 (the '157 patent) issued containing the first group of claims.

On March 14, 1980, pursuant to 37 C.F.R. § 1.60, PB filed divisional application, Ser. No. 130,278 (the '278 application). This application contained the second group of claims initially filed in the '596 application. A copy of the oath signed by Mr. Check and Mr. Sansone in connection with the '596 application was resubmitted with the '278 application. On January 12, 1982, U.S. Patent 4,310,757 (the '757 patent) issued.

On March 4, 1981, while prosecuting the first divisional application, PB filed a second divisional application, Ser. No. 240,532 (the '532 application). The specification was identical to that originally filed with the '596 application. Once again, PB filed

copies of the original oath and declaration included with the '596 application. The '532 application included three new claims which covered a method for smoothing the edges of printed shapes.

On September 23, 1981, the patent examiner rejected the new claims contained in the '532 application on the grounds that the specification was insufficient to enable one of ordinary skill in the art to practice the invention.[1] PB responded that the application contained a sufficient description of the claimed invention. In January 1982, apparently unpersuaded by PB's arguments, the examiner issued a second office action which reiterated the rejection.

On March 2, 1982, representatives from PB met with the examiner to discuss the application. As a result of the meeting, the examiner changed his position relating to the patentability of the disputed claims and agreed with PB that the specification adequately described the invention. On April 12, 1982, the examiner issued a Notice of Allowance.

On June 22, 1982, PB filed application Ser. No. 391,029 (the '029 application), a continuation of the '532 application. The '029 application contained the allowed claims from the '532 application in addition to five new claims. Once again, PB filed a copy of the oath and declaration executed by Mr. Check and Sansone in connection with the original '596 application. On March 7, 1983, a Notice of Allowance issued for all of the claims of the '029 application. On May 31, 1983, the PTO granted PB United States Patent 4,386,272 (the '272 patent). As disclosed and claimed, the invention describes a method for generating printed images by producing light spots of different sizes.

In 1990, PB notified HP that several of HP's marketed laser printers infringed the claims of the '272 patent. This action followed.

---

1. *See* 35 U.S.C. § 112. An apparatus claim is construed to cover the corresponding structure described in the specification. *Texas In-* struments *v. U.S. Int'l Trade Comm'n,* 805 F.2d 1558, 1562 (Fed.Cir.1986).

## STANDARD

Summary judgment is appropriately granted when the evidentiary record reveals that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). In determining whether the record presents genuine issues for trial, the court must view all inferences and ambiguities in a light most favorable to the non-moving party. *See Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). A plaintiff raises a genuine issue of material fact if "the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Rule 56(c) "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Liberty Lobby, supra,* at 247–48, 106 S.Ct. 2505. The Supreme Court noted that:

Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims … [and] it should be interpreted in a way that allows it to accomplish this purpose." *Celotex, supra,* at 323–24, 106 S.Ct. 2548. In a case of patent infringement, summary judgment is appropriate when comparison of the accused device and the claim reveals that there is an absence of disputed material fact. *Chemical Eng'g Corp. v. Essef Indus. Inc.,* 795 F.2d 1565 (Fed.Cir.1986).

## DISCUSSION

HP argues that the '272 patent is invalid since the plaintiff failed to file a supplemental oath and declaration as required by 35 U.S.C. § 115. They claim that "during the prosecution of the '029 application, PB … failed to file a supplemental declaration or oath, submitting instead the … declaration that had been filed with the '596 application." HP asserts that this declaration is legally insufficient. They contend that the additional claims included in the '272 patent constitute matter not covered by the original oath. They urge this court to conclude "that the failure to file an oath or declaration for the alleged invention of the '272 patent renders the claims of such patent invalid."

PB responds that the oath and declaration filed with the '029 application are legally sufficient and the '272 patent is valid.[2] They contend that since "no new matter was added to the original application, the filing of a supplemental oath is not necessary." PB points to the fact that "the application which resulted in the '272 patent derived from the exact same specification filed in connection with the '157 patent."

In order to obtain a U.S. patent, an applicant "shall make oath that he believes himself to be the original inventor." 35 U.S.C. § 115. To secure a filing date for a patent application prior to 1983, "the necessity of an oath or declaration was absolute."[3] *Litton Systems, Inc. v. Whirlpool Corp.,* 728 F.2d 1423, 1437 (Fed.Cir.1984). The failure to file a properly executed oath

---

**2.** In addition to the arguments presented, the plaintiff also contends that the issue of invalidity is improperly raised. HP disagrees. Since both parties briefed the merits of the issue, the court is able to base its decision for the plaintiff on substantive, rather than procedural, grounds.

**3.** In 1983, Congress subsequently abolished the requirement that an oath or declaration is necessary to obtain a filing date. *See* 35 U.S.C. § 11 (Supp.1982) (effective February 27, 1983). The '029 application was filed on June, 22, 1982.

"was not among the 'minor informalities' which the PTO could waive subject to subsequent correction." *Id.*

■ According to the rules of practice in patent cases, a supplemental oath is required if the subject matter of the invention is "not substantially embraced in the statement of the invention or claim originally presented." 37 C.F.R. § 1.67 (Rule 67). However, "adequate disclosure in the statement of invention alone is sufficient to avoid the necessity of a supplemental oath." *American Safety Table Co. v. Schreiber,* 269 F.2d 255, 265 (2d Cir.), *cert. denied,* 361 U.S. 915, 80 S.Ct. 259, 4 L.Ed.2d 185 (1959). When new claims are added to an existing specification, "the question of whether the added claims constitute[ ] new matter for which a supplemental oath [is] required depends solely on whether the new claims are supported by disclosure in the original application." *Railroad Dynamics, Inc. v. A. Stucki Co.,* 579 F.Supp. 353, 370 (E.D.Pa.1983), *aff'd,* 727 F.2d 1506 (Fed.Cir.), *cert. denied,* 469 U.S. 871, 105 S.Ct. 220, 83 L.Ed.2d 150 (1984). "Disclosure is that which is taught [by the patent], not that which is claimed." *In re Rasmussen,* 650 F.2d 1212, 1214 (Cust. & Pat.App.1981).

In *Railroad Dynamics, Inc. v. A. Stucki Co.,* 579 F.Supp. 353, 370 (E.D.Pa.1983), the plaintiff argued that new claims added after the filing of the original application required a supplemental oath. Like the case at bar, the specification remained unchanged from the parent application. *Id.* at 370. The court did not require the filing of a supplemental oath since the original specification provided support for the new claims. *Id.* On appeal, the Federal Circuit affirmed, finding "no basis for [the] assertion that the patent was invalid for failure to file a separate oath or declaration in support of claims inserted by amendment, [since] those claims [are] fully supported in the original disclosure." *Railroad Dynamics, Inc. v. A. Stucki Co.,* 727 F.2d 1506, 1518 (Fed.Cir.1984).

■ Applying these principles to the instant case, the court concludes that the oath filed for the '272 patent is sufficient. The defendant concedes that a proper oath accompanied the application which resulted in the '157 patent. The specification sections of the '157 and '272 patents are identical. The new component of the '272 patent is the addition of claims which describe a method for smoothing the edges of generated shapes. The language of the original specification of the '157 patent discloses the invention claimed by the '272 patent. The relevant portion of the '157 specification reads:

> The intensity modulator could also be used for control of spot size by varying the intensity. The use of spot sizes can be effectively employed as letters or numbers are created to avoid roughened edges and improve character formation.... This will provide a matrix of dots having different sizes for forming a single generated character. The different dot sizes will intermesh to create letters and numerals having a smoother appearance.

The discussion in the '157 specification concerning the use of different size dots to "avoid roughened edges" and to create "letters and numerals having a smoother appearance" supports the added claims in the '272 patent. A supplemental oath is not required in this case since the new claims are adequately embraced by the original specification. *See In re Rasmussen,* 650 F.2d 1212, 1214 (Cust & Pat.App. 1981).

■ The conclusion that the '272 patent is not invalid for the failure to file a supplemental oath is in accord with established principles of patent law. Once a patent issues, a "presumption of administrative correctness of the actions of the [PTO]" attaches to the patent. *Applied Materials v. Advanced Semiconductor Materials America, Inc.,* 98 F.3d 1563, 1569 (Fed.Cir.1996). The actions of the PTO "in not requiring the swearing of a supplemental oath ... are presumably proper." *Railroad Dynamics, Inc. v. A. Stucki Co.,* 579 F.Supp. 353, 372 (E.D.Pa.

1983). In permitting the '272 patent to issue without requiring a supplemental oath, the examiner presumably determined that the claimed subject matter was "substantially embraced in the statement of invention or claim originally presented." 37 C.F.R. § 1.67. The defendant presents no arguments in the instant motion which disturb that assumption.[4]

4. HP directs this court's attention to *Litton Systems, Inc. v. Whirlpool Corp.,* 728 F.2d 1423 (Fed.Cir.1984). In *Litton,* the failure to file a supplemental oath with a C–I–P application resulted in the loss of an earlier filing date. On September 27, 1972, the plaintiff in *Litton* filed an original patent application with 11 claims. On July 26, 1973, after receiving a final rejection from the PTO, Litton filed an application for continuation under 37 C.F.R. § 1.60 and altered a number of claims. *Id.* at 1435. On May 17, 1974, Litton filed a "continuation in part" (C–I–P) supplemental declaration. *Id.* at 1436. The original patent issued with a filing date of July 26, 1973. The *Litton* court held that the correct filing date was May 17, 1974, when the supplemental declaration was submitted. *Id.* This change in filing date resulted in the patent being declared invalid under 35 U.S.C. § 102(b), not for the failure to file a supplemental oath. "We hold that the ... patent is invalid because it issued from an application legally filed more than one year after Litton placed products embodying the claimed subject matter on sale." *Id.* at 1440.

## CONCLUSION

For the forgoing reasons, the court concludes that the lack of a supplemental oath does not render the '272 patent invalid. Accordingly, the defendant's motion for summary judgment on the claim of invalidity (document no. 175) is DENIED.

SO ORDERED.

In the present case, HP argues that *Litton* supports the premise that PB's failure to file a supplemental oath renders the claims invalid as a matter of law. However, the *Litton* case involved a situation where the plaintiff replaced his original filing with a C–I–P application. As described by the *Litton* court, "[a] a C–I–P application is an application filed during the lifetime of an earlier application by the same applicant, repeating some substantial portion or all of the earlier material *and adding matter not disclosed in the said earlier case." Litton Systems, Inc. v. Whirlpool Corp.,* 728 F.2d 1423, 1436–37 (Fed.Cir.1984) (emphasis added, internal quotations omitted). "A C–I–P ... is basically only a term of art for a patent application disclosing the newly added material." *Litton,* 728 F.2d at 1437. A supplemental oath was required in *Litton* because the claims at issue were not embraced by either the statement of invention or the claims of the parent application. *Litton,* 728 F.2d at 1438. In the case at bar, as discussed, the statement of invention for the '157 patent provides a basis for the claims of the '272 patent.