**In re Roland N. FRACALOSSI and Mark T. Wajer.**

**Appeal No. 81–609.**

United States Court of Customs and Patent Appeals.

June 24, 1982.

Rehearing Denied Aug. 19, 1982.

A. W. Breiner and Theodore A. Breiner, Arlington, Va., for appellants.

Joseph F. Nakamura, Sol., and Harris A. Pitlick, Asst. Sol., Washington, D. C., for Patent and Trademark Office.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER and NIES, Judges.

MARKEY, Chief Judge.

The decision of the Patent and Trademark Office Board of Appeals (board) sustaining the rejection of claims 1, 2, 4, 5, 7–16, 18 and 19 under 35 U.S.C. § 103 is *affirmed.*

*The Invention*

The appealed claims are directed to a composition comprising the combination of an unreacted polyol and a flame retardant in a flexible polyurethane foam. That composition is said to produce a substantially dripless char when subjected to combustion temperature. Claim 1 is illustrative:

> 1. A flexible polyurethane foam comprising the foam-forming reaction product of a reactive polyol and a diisocyanate and including uniformly contained in said foam a flame retardant agent and an unreacted polyol selected from the group consisting of a polyol having the empirical formula of $(C_6H_{10}O_5)_x$ wherein X is in excess of about 60 and methylol melamine containing hydroxyl groups substantially unreacted with said diisocyanate, said flame retardant agent and unreacted polyol being present in an amount sufficient to inhibit flaming and to form a substantially dripless char when said foam is subjected to combustion temperatures.

*Prior Art*

The sole reference is U.S. Patent No. 3,753,933 issued to Olstowski et al. (Olstowski) on August 21, 1973. Olstowski teaches both rigid and flexible polyurethane foams derived from the foam-forming reaction product of a reactive polyol, a diisocyanate, and a blowing agent. The blowing agent comprises a solid particulate substance having a particular particle size and surface area and substantially insoluble in either the polyol, diisocyanate, or both. The blowing agent is further characterized as having a decomposition temperature above the exothermic temperature of the reaction of polyol with diisocyanate.

Olstowski states that the end use of the foam product often suggests the type of blowing agent to be used. For example, if

the foam is required to possess magnetic properties, blowing agents such as powdered iron or other powdered alloys are suggested. If the foamed product is to be used as an abrasive wheel, the use of blowing agents such as ultrafine alumina or silicon carbide powders are suggested. Included within the materials disclosed as suitable blowing agents are the unreacted polyols claimed by applicant.

Olstowski further discloses the use of flame retardant agents in the disclosed compositions.

*Wajer Declaration*

Co-inventor Wajer described in a declaration the different burn characteristics of rigid and flexible polyurethane foams, comparing with rigid foams the flexible foams corresponding to the present invention. Accompanying experimental data showed that the present flexible foams, unlike rigid foams, do not form a substantially dripless char when subjected to combustion temperatures unless *both* a flame retardant agent and an unreacted polyol are present. Wajer distinguished U.S. Patent No. 3,956,202 issued to Iwasaki (no longer a basis for rejection) as disclosing a rigid, not a flexible foam. Wajer concluded that nothing in Iwasaki would lead him to believe that the dripping of *flexible* foams could be reduced by including a combination of flame retardant and corn starch (an unreacted polyol) in the foam formulation.

*The Board*

The board rejected appellants' argument that the polyol, described as a blowing agent by Olstowski, must necessarily be transformed in the course of the foam-forming reaction and could not therefore be present in the reaction product in suitable amounts. Based on Olstowski's disclosure of an insoluble blowing agent, a requirement that the blowing agent have a decomposition temperature exceeding the exothermic temperature of the reaction, use of a blowing agent within the claimed concentration levels, and the inclusion of obviously non-reactive materials among suggested blowing agents, the board reasoned that Olstowski disclosed a blowing agent that is

not completely destroyed in the foam-forming reaction but has at least portions remaining in the foam product.

The board concluded that appellants' recognition that use of a polyol of which portions do not react and a flame retardant in a flexible foam would enable production of a dripless char cannot be the basis for patentable distinctness, where the artisan would be taught by Olstowski to use a polyol of which portions do not react and a flame retardant. The board considered the Wajer declaration of no probative value.

*Opinion*

Appellants acknowledge that the claimed flexible polyurethane foam is derived from the foam-forming reaction product of a reactive polyol and a diisocyanate, as is conventional. Appellants further acknowledge that Olstowski discloses a foam-forming reaction product which may include a flame retardant and, as a blowing agent, a polyol of the type recited in the appealed claims.

Appellants argue that the polyols used as blowing agents by Olstowski do not survive the foam-forming reaction and therefore are not the claimed "unreacted" polyols and cannot produce the desired char-forming characteristics in the final flexible foam product. That argument raises the question of whether Olstowski is an enabling disclosure of the claimed invention. Appellants bear the burden of introducing evidence that Olstowski lacks an enabling disclosure. *In re Baxter*, 656 F.2d 679, 685, 210 U.S.P.Q. 795, 801 (CCPA 1981); *In re Jacobs*, 50 CCPA 1316, 1319, 318 F.2d 743, 745, 137 U.S.P.Q. 888, 889 (1963). No such evidence was presented. Appellants' non-enablement argument must therefore fail.

Appellants' argument concerning survivability of Olstowski's polyols may also be considered as raising the question of whether Olstowski's disclosure is sufficient to support a rejection under 35 U.S.C. § 103. We agree with the board, however, that considerations described by Olstowski respecting selection and characteristics of particular materials for suitable blowing

agents establish that Olstowski does sufficiently disclose a flexible foam product containing an unreacted polyol component. We also detect no error in the board's conclusion that Olstowski discloses the use of a flame retardant agent in any of his foams where a flame retardant foam is desired.[1] Appellants have neither alleged nor demonstrated that Olstowski fails to disclose the proper relative amounts of polyol and flame retardant to be added to the composition to produce a dripless flexible foam.

We therefore conclude that Olstowski's teachings result in *the claimed foam.* Thus the claimed invention lacks novelty. Though the PTO spoke in terms of obviousness, the lack of novelty from the claimed invention is a fact. Moreover, lack of novelty is the ultimate of obviousness. If, indeed, a dripless characteristic of this old foam was an unobvious discovery, that discovery would not entitle appellants to claim the *foam.*

■ As the examiner correctly said, "This property . . . does not serve to *distinguish the composition* from Olstowski's." (emphasis added). An old composition cannot be converted into an unobvious composition simply by inept references to obviousness. Nor can that be done through discussion of the concept of "Inherency", which is a fact question. That the rejection is here described as one under § 103 is not controlling, for it is not in this case rebuttable by evidence. Here we have the ultimate obviousness—lack of novelty. To recognize that fact is not to replace the rejection with a new one based on anticipation. Though the

composition might have been obvious, though not anticipated, it cannot have been anticipated and not have been obvious. Thus evidence establishing lack of all novelty in the claimed invention necessarily evidences obviousness. As we noted in *In re Pearson*, 494 F.2d 1399, 1402, 181 U.S.P.Q. 641, 644 (C.C.P.A. 1974):

> [T]his court has sanctioned the practice of nominally basing rejections on § 103 when, in fact, the actual ground of rejection is that the claims are anticipated by the prior art. See *In re Dailey*, 479 F.2d 1398, 178 U.S.P.Q. 293 (C.C.P.A. 1973). The justification for this sanction is that a lack of novelty in the claimed subject matter, e.g., as evidenced by a complete disclosure of the invention in the prior art, is the "ultimate or epitome of obviousness." *In re Kalm*, 54 C.C.P.A. 1466, 1470, 378 F.2d 959, 962, 154 U.S.P.Q. 10, 12 (1967).

In sum, and whatever the language of discussion, the facts present an irrebuttable case of obviousness of product claims.

Though compositions of the same structure are expected to have the same properties,[2] appellants have argued that the claimed char-forming property would not be inherent in the Olstowski composition.[3] Appellants, however, have presented no evidence to support that argument, nor could they in view of Olstowski's disclosure of the same composition.

The Wajer declaration, while demonstrating differences between the char-forming characteristics of flexible and rigid foams nowhere compares the flexible foam of Ol-

---

1. It is axiomatic that a reference must be considered in its entirety, and it is well established that the disclosure of a reference is not limited · to specific working examples contained therein. *E.g., In re Lamberti*, 545 F.2d 747, 750, 192 U.S.P.Q. 278, 280 (C.C.P.A.1976). Olstowski is prior art not only for the teaching of the specific embodiment recited but for what it fairly teaches to one skilled in the art. *In re Boe*, 53 C.C.P.A. 1079, 1082, 355 F.2d 961, 964, 148 U.S.P.Q. 507, 510 (1966). One skilled in the art could hardly be expected to ignore Olstowski's teaching of the use of fire retardant agents where, as here, the combustion properties of the foam product are the primary concern. To show unexpected results or for that matter any

difference at all between the claimed invention and the closest prior art, appellants would have had to compare the claimed invention with the flexible foam of Olstowski, including the addition of a fire retardant as taught by Olstowski. *In re Boe, supra.* No such comparison was made.

2. *In re Gyurik*, 596 F.2d 1012, 1018, 201 U.S. P.Q. 552, 556 (C.C.P.A.1979); *In re Wilder*, 563 F.2d 457, 460, 195 U.S.P.Q. 426, 429 (C.C.P.A. 1977).

3. *See In re Hoch*, 57 C.C.P.A. 1292, 1296, 428 F.2d 1341, 1344, 166 U.S.P.Q. 406, 409 (1970).

stowski with that claimed. That declaration merely demonstrates that flexible foam must contain both an unreacted polyol and a flame retardant to form a substantially dripless char. Nowhere does Wajer allege that the foam of Olstowski does not contain unreacted polyol or that a dripless char would be unexpected when the composition of Olstowski (containing both the polyol and the flame retardant) is subjected to similar conditions. At most, appellants have asserted that when one who prepares one of the compositions disclosed by Olstowski, and subjects it to combustion, the resulting char will not drip.

Accordingly, the decision of the board sustaining the rejection of the claims is affirmed.

AFFIRMED.

MILLER, Judge, with whom BALDWIN, Judge, joins, concurring.

The only rejection made below was for obviousness (35 U.S.C. § 103). The majority affirms the section 103 obviousness rejection because it concludes that there is a "lack of novelty." However, the statutory language makes clear that "lack of novelty" is *not* a basis for a section 103 rejection.[1] To add a rejection for "lack of novelty" for the first time on appeal would deny appellants administrative due process. *See, e.g., In re Waymouth*, 486 F.2d 1058, 1061, 179 U.S.P.Q. 627, 629 (C.C.P.A.1973); *In re Arkley*, 59 C.C.P.A. 804, 809, 455 F.2d 586, 589, 172 U.S.P.Q. 524, 527 (1972). Accordingly, the court should address only the issue of patentability raised below—the obviousness of the claimed foams in view of Olstowski's teachings.

The majority opinion relies on *In re Pearson*, 494 F.2d 1399, 181 U.S.P.Q. 641 (C.C.P.A.1974) as justification for affirming the section 103 rejection on the basis of "lack of novelty," but omits from its quotation the following footnote, which underscores the crucial difference between that case and this one:

The record establishes that appellant was fully aware of the *ground* of rejection being put forth regardless of its *statutory basis*. Furthermore, the board, in affirming the rejection under § 103, did not in effect make a new rejection under § 102 as occurred in *In re Echerd*, 471 F.2d 632, 176 U.S.P.Q. 321 (C.C.P.A. 1973).

*Id.* at 1402 n.2, 181 U.S.P.Q. at 644 n.2.

Lack of novelty was never argued below and is not mentioned in the briefs on appeal. Rather, the board held that it would have been *obvious* for a person of ordinary skill in the art to select Olstowski's example 5 teaching of a flexible foam containing unreacted polyol and to combine it with a flame retardant based on Olstowski's suggestion (in the context of what additives may be added to any of his foams) that a flame retardant may also be desirable. There was no mention that Olstowski *anticipates* the appealed claims. The "closest prior art" was never defined as Olstowski's example 5 foam *plus* flame retardant. The board stated: "The additional presence of a flame retardant clearly is *suggested* by Olstowski (column 4, lines 7–11) and, although this is not specifically exemplified, it, nevertheless, manifestly is *obvious* from patentee's teaching." (Emphasis supplied.) Similarly, the examiner stated that there was "ample motivation to employ the additives together for their expected flameproofing and blowing utilities . . . ."

Appellants may or may not have been able to overcome a "lack of novelty" rejection with appropriate arguments (*see, e.g.*, the considerations set forth in *In re Arkley, supra* at 807, 455 F.2d at 587, 172 U.S.P.Q. at 526, and *In re Ruschig*, 52 C.C.P.A. 1238, 1249–51, 343 F.2d 965, 973–75, 145 U.S.P.Q. 274, 281–82 (1965)). However, in reviewing a rejection based solely on obviousness, such as the one on appeal, it is always appropriate to consider objective evidence of unobviousness. *In re Arkley, supra.* Although appellants' evidence is insufficient in this

---

1. 35 U.S.C. § 103 provides in part: "A patent may not be obtained *though the invention is not identically disclosed or described as set* forth in section 102 of this title, if . . . ." (Emphasis supplied.)

case, I am troubled by the majority opinion's suggestion that the section 103 rejection "is not in this case rebuttable by evidence" and that "the facts present an irrebuttable case of obviousness of product claims." Aside from the statutory problem with an irrebuttable section 103 case (*Graham v. John Deere Co.*, 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966)), I am not persuaded that the prima facie case of obviousness here could never have been overcome.[2] Finally, because the so-called "secondary considerations" relevant to a case of prima facie obviousness are not considered for purposes of determining anticipation, it does not follow that every technically anticipated invention would also have been obvious. *See In re Sivaramakrishnan*, 673 F.2d 1383, 213 U.S.P.Q. 441 (C.C.P.A. 1982) (C.C.P.A. notes that board reversed section 103 rejection because of comparative tests, while entering section 102 rejection of same claims).

---

**2.** For example, appellants might be able to show that Olstowski's teaching of equivalence among the five types of particle-containing foams is wrong, *e.g.*, that only the polyol-containing foams display the char-forming property.