**In re Anthony J. ROBERTSON and Charles L. Scripps.**

No. 98–1270.

United States Court of Appeals, Federal Circuit.

Feb. 25, 1999.

Kenneth R. Adamo, Jones, Day, Reavis & Pogue, of Cleveland, Ohio, argued for appellant. With him on the brief were Calvin P. Griffith, and Gregory A. Castanias, of Washington, DC. Of counsel on the brief was Steven W. Miller, The Proctor & Gamble Company, of Cincinnati, Ohio.

Linda Moncys Isacson, Associate Solicitor, Office of the Solicitor, of Arlington, Virginia, argued for appellee. With her on the brief were Albin F. Drost, Acting Solicitor, and John M. Whealan, Associate Solicitor.

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

Opinion for the court filed by Senior Circuit Judge FRIEDMAN, in which Circuit Judge PAULINE NEWMAN joins. Concurring opinion filed by Circuit Judge RADER.

FRIEDMAN, Senior Circuit Judge:

This appeal challenges the decision of the Board of Patent Appeals and Interferences (Board) that claim 76 in the appellants' patent application was anticipated by and obvious over United States Patent No. 4,895,569 (the Wilson patent). We reverse.

## I

Both claim 76 and Wilson involve fastening and disposal systems for diapers. In both, the body of the diaper features a small front and a larger rear section. The outer edges of those sections are attached at the wearer's waist in the hip area. Once the diaper is soiled and then removed, the smaller front section is rolled up into the larger rear section and secured in this rolled-up configuration by fasteners.

The appellants' application is for "an improved mechanical fastening system for ... disposable absorbent articles [i.e., diapers] that provides convenient disposal of the absorbent article." Claim 76 covers:

[A] mechanical fastening system for forming side closures ... comprising

a closure member ... comprising a first mechanical fastening means for forming a closure, said first mechanical fastening means comprising a first fastening element;

a landing member ... comprising a second mechanical fastening means for forming a closure with said first mechanical fastening means, said second mechanical fastening means comprising a second fastening element mechanically engageable with said first element; and

disposal means for allowing the absorbent article to be secured in a disposal configuration after use, said disposal means comprising a third mechanical fastening means for securing the absorbent article in the disposal configuration, said third mechanical fastening means comprising a third fastening element mechanically engageable with said first fastening element ...

Claim 76 thus provides for two mechanical fastening means to attach the diaper to the wearer and a third such means for securing the diaper for disposal.

The Wilson patent discloses two snap elements on fastening strips attached to the outer edges of the front and rear hip sections of the garment. The fastening strips may also include "secondary load-bearing closure means"—additional fasteners to secure the garment; they may be identical to the snaps.

Wilson also states:

[D]isposal of the soiled garment upon removal from the body is easily accomplished by folding the front panel ... inwardly and then fastening the rear pair of mating fastener members ... to one another, thus neatly bundling the garment into a closed compact package for disposal.

In other words, Wilson does not provide a separate fastening means to be used in disposing of the diaper. Instead, it suggests that disposal of the used diaper may be "easily accomplished" by rolling it up and employing the same fasteners used to attach the diaper to the wearer to form "a closed compact package for disposal."

In holding that the invention claim 76 covers was anticipated by Wilson, the Board did not hold that Wilson set forth a third fastening means. Instead, it found that Wilson anticipated claim 76 "under principles of inherency." Applying the language of claim 76 to the operation of Wilson, it concluded that "an artisan would readily understand the disposable absorbent garment of Wilson ... as being inherently capable of [making the secondary load-bearing closure means] (third fastening element) mechanically engageable with [the other snap fasteners on the fastening strip] (first fastening element)"—*i.e.*, using the secondary closure not with its mate, but with one of the primary snap fasteners. The Board summarily affirmed the examiner's alternative ruling that claim 76 would have been obvious in light of Wilson because "claim 76 lacks novelty."

## II

■ Anticipation under 35 U.S.C. § 102(e) requires that "each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." *Verdegaal Bros., Inc. v. Union Oil Co.*, 814 F.2d 628, 631, 2 U.S.P.Q.2d 1051, 1053 (Fed.Cir.1987).

■ A. The Wilson patent does not expressly include a third fastening means for disposal of the diaper, as claim 76 requires. That means is separate from and in addition to the other mechanical fastening means and performs a different function than they do. Indeed, Wilson merely suggests that the diaper may be closed for disposal by using the same fastening means that are used for initially attaching the diaper to the body.

■ If the prior art reference does not expressly set forth a particular element of the claim, that reference still may anticipate if that element is "inherent" in its disclosure.

To establish inherency, the extrinsic evidence "must make clear that the missing descriptive matter is necessarily present in the thing described in the reference, and that it would be so recognized by persons of ordinary skill." *Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1268, 20 U.S.P.Q.2d 1746, 1749 (Fed.Cir.1991). "Inherency, however, may not be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient." *Id.* at 1269, 948 F.2d 1264, 20 U.S.P.Q.2d at 1749 (quoting *In re Oelrich*, 666 F.2d 578, 581, 212 U.S.P.Q. 323, 326 (C.C.P.A.1981)).

In finding anticipation by inherency, the Board ignored the foregoing critical principles. The Board made no attempt to show that the fastening mechanisms of Wilson that were used to attach the diaper to the wearer also "necessarily" disclosed the third separate fastening mechanism of claim 76 used to close the diaper for disposal, or that an artisan of ordinary skill would so recognize. It cited no extrinsic evidence so indicating.

Instead, the Board ruled that one of the fastening means for attaching the diaper to the wearer also could operate as a third fastening means to close the diaper for disposal and that Wilson therefore inherently contained all the elements of claim 76. In doing so, the Board failed to recognize that the third mechanical fastening means in claim 76, used to secure the diaper for disposal, was separate from and independent of the two other mechanical means used to attach the diaper to the person. The Board's theory that these two fastening devices in Wilson were capable of being intermingled to perform the same function as the third and first fastening elements in claim 76 is insufficient to show that the latter device was inherent in Wilson. Indeed, the Board's analysis rests upon the very kind of probability or possibility—the odd use of fasteners with other than their mates—that this court has pointed out is insufficient to establish inherency.

## III

The Board's entire discussion of obviousness was as follows:

*The rejection of claim 76 under 35 USC § 103*

We sustain the rejection of claim 76 under 35 USC § 103.

Above, we found that claim 76 lacks novelty. Lack of novelty is the ultimate of obviousness. See *In re Fracalossi*, 681 F.2d 792, 794, 215 USPQ 569, 571 (CCPA 1982). Thus, claim 76 is appropriately rejected under 35 USC § 103 as being unpatentable.

The "lack of novelty" upon which the Board based its conclusion of obviousness, however, was its finding of anticipation. Our rejection of that finding eliminates the sole basis of the Board's obviousness determination, which therefore cannot stand. *See In re Adams*, 53 C.C.P.A. 1433, 364 F.2d 473, 480, 150 U.S.P.Q. 646, 651 (1966).

In his brief the Commissioner argues:

Moreover, even if this court interprets claim 76 to require two separate fasteners to perform the closure and disposal functions, it would have been well within the knowledge of one of ordinary skill in the art to take Wilson's one fastener and make it into two separate fasteners. *See [In re] Graves*, 69 F.3d [1147,] 1152, 36 USPQ2d [1697,] 1701 [ (Fed.Cir.1995) ] (When evaluating a reference, it is appropriate to consider the knowledge of a skilled artisan in combination with the teaching of the reference.). Accordingly, claim 76 would have been obvious to one of ordinary skill in the art, and the rejection should be affirmed by this Court.

■ That, of course, was not the ground on which the Board based its obviousness ruling. We decline to consider counsel's newly-minted theory as an alternative ground for upholding the agency's decision. *See In re Soni*, 54 F.3d 746, 751, 34 U.S.P.Q.2d 1684, 1688 (Fed.Cir.1995) (citing *In re DeBlauwe*, 736 F.2d 699, 705 n. 7, 222 U.S.P.Q. 191, 196 n. 7 (Fed.Cir.1984)). The Board's obviousness ruling cannot be sustained on the ground the Board gave.

## CONCLUSION

The decision of the Board of Patent Appeals and Interferences affirming the examiner's rejection of claim 76 as anticipated by and obvious over the Wilson patent is

*REVERSED.*

RADER, Circuit Judge, concurring.

Robertson asserts that the prior art Wilson patent does not teach three elements of claim 76: a "third mechanical fastening means," a disposal means on the "outside surface" of the body portion, and end regions that are "in an overlapping configuration when worn." In reversing the Board, this court relies solely on the purported failure of Wilson to teach the third fastening means. Because I believe Wilson teaches such a means, but does not teach the other two limitations at issue, I concur.

In its analysis, this court assumes without discussion that the claimed "third mechanical fastening means" covers a *separate* third mechanical fastening means. This issue is key, for if the claim does not require a separate third fastening means, but instead allows the first fastening means to also serve as the third, then the prior art Wilson patent clearly teaches that element of the claim. For two reasons, this claim does not, to my eyes, require a separate third fastening means. First, the claim does not specifically recite a *separate* third fastening means. Second, because the claim is in means-plus-function form, this court consults the specification to identify structure. The specification explicitly teaches that the first and third fastening elements can be the same so long as they are complementary, as they are in Wilson. Accordingly, I agree with the Board that Wilson teaches the claimed "third fastening element."

Wilson does not, however, teach either of the other two claim limitations at issue. As to the disposal means on the "outside surface" of the body portion, Wilson's figs. 12 and 13a-d show the disposal means on the inside of the body portion. As to the end regions that are "in an overlapping configuration when worn," Wilson explicitly teaches that the end regions should abut, not overlap, when worn. To overcome these teachings, the Board relied on the following statement in Wilson: "Further, the fastener members

need not be previously mounted on a separate strip as shown then bonded ... to the stretchable outer cover.... Multi-component snaps are available which may be applied directly to a stretchable outer cover material...." Col. 7, l. 65 to col. 8, l. 3. The Board opined that applying snaps directly to the outer cover would result in both a disposal means on the "outside surface" and end regions "in an overlapping configuration when worn." Simply put, the Board has put more weight on this teaching than it can bear. It is far from clear what effect applying the snaps directly to the outer cover will have on the Wilson diaper configuration, let alone that it will result in a configuration satisfying the claim elements at issue. Accordingly, because I believe that the Board clearly erred in this interpretation of Wilson, I would reverse on this ground.