TRINTEC INDUSTRIES, INC., Plaintiff–Appellant,

v.

TOP–U.S.A. CORPORATION, Defendant–Appellee.

No. 01–1568.

United States Court of Appeals, Federal Circuit.

July 2, 2002.

Robert A. Vanderhye, Nixon & Vanderhye P.C., of Arlington, VA, argued for plaintiff-appellant.

David P. Shouvlin, Porter, Wright, Morris, & Arthur, LLP, of Columbus, OH, argued for defendant-appellee. On the brief was David W. Costello. Of counsel was Richard M. Mescher.

Before MAYER, Chief Judge, RADER, and GAJARSA, Circuit Judges.

RADER, Circuit Judge.

On summary judgment, the United States District Court for the Southern District of Ohio found Trintec Industries, Inc.'s United States Patent No. 5,818,717 ('717 patent) invalid as inherently anticipated. *Trintec, Indus. v. Top–U.S.A. Corp.*, No. C–2–99–1179 (S.D.Ohio Jun. 19, 2001). Because the '717 patent is not inherently anticipated, this court vacates and remands.

I.

Trintec is the assignee of the '717 patent. The inventor, Brendon G. Nunes,

filed the '717 patent application on June 2, 1993. The '717 patent claims a cost-effective method of producing, in low volume, multicolor faces for watches, clocks, thermometers and other instruments. The method includes making a graphic instrument face in a computer, transmitting electronic signals from the computer to a color printer or photocopier, printing the face on sheet material, cutting it, and assembling it into an instrument.

Top–U.S.A. Corporation produces watches and clocks with customized faces, and has done so for over eighteen years. Initially, Top created and printed its customized graphics using pad printing, engraving, silk screening, or photography. Those methods were expensive and required extensive set-up time. Thus, these older methods were ill-suited to small-volume custom design and printing. Desktop publishing's advent in the late 1980s mitigated the design side of this problem, but high-resolution color printing remained prohibitively expensive. With color laser printer advances, however, Top was using that technology to make custom watches and clocks by 1995.

Sweda Company LLC also is in the customized watch business. In a 1991–92 catalogue (Sweda catalogue), Sweda advertised the availability at an inexpensive price of small-volume multi-color watches produced by "a new computer laser printer." The Sweda catalogue was not before the examiner of the '717 patent during its prosecution.

On November 2, 1999, Trintec asserted the '717 patent against Top in the district court. Trintec alleged that Top infringed independent claims 3 and 8, and associated dependent claims 4–5, 12, and 13. Trintec filed a motion for summary judgment of infringement, intentional infringement, and validity. Top filed a cross-motion for summary judgment that the asserted claims either were anticipated or obvious in view of the Sweda catalogue. The district court found that the Sweda catalogue inherently anticipated the asserted claims and granted summary judgment of invalidity. Having determined that prior art anticipated the '717 patent, the district court did not reach obviousness and dismissed the case with prejudice. Trintec appeals the district court's summary judgment of invalidity. This court has jurisdiction under 28 U.S.C. § 1295(a)(1) (2000).

## II.

■ This court reviews a district court's grant of summary judgment without deference. *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1353, 47 USPQ2d 1705, 1713 (Fed.Cir.1998). This court also reviews without deference questions of claim construction. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1454, 46 USPQ2d 1169, 1174 (Fed.Cir.1998) (*en banc*). Novelty, or anticipation, is a question of fact. *Akzo N.V. v. United States Int'l Trade Comm'n*, 808 F.2d 1471, 1 USPQ2d 1241 (Fed.Cir.1986). Therefore, a district court properly may grant summary judgment on this identity question only when the record discloses no genuine material factual issues.

■ Because novelty's identity requirement applies to claims, not specifications, *Constant v. Advanced Micro–Devices, Inc.*, 848 F.2d 1560, 7 USPQ2d 1057, 1064 (Fed.Cir.1988), the anticipation inquiry first demands a proper claim construction. Claim language defines claim scope. *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121, 227 USPQ 577, 586 (Fed. Cir.1985) (*en banc*). As a general rule, claim language carries the ordinary meaning of the words in their normal usage in the field of invention. *Toro Co. v. White Consol. Indus.*, 199 F.3d 1295, 1299, 53 USPQ2d 1065, 1067 (Fed.Cir.1999). Nev-

ertheless, the inventor may act as his own lexicographer and use the specification to supply implicitly or explicitly new meanings for terms. *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 979–80, 34 USPQ2d 1321, 1330 (Fed.Cir.1995) (*en banc*), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). Thus, a construing court may consult as well the written description, and, if in evidence, the prosecution history. *Id.*

A single prior art reference anticipates a patent claim if it expressly or inherently describes each and every limitation set forth in the patent claim. *Verdegaal Bros., Inc. v. Union Oil Co.,* 814 F.2d 628, 631, 2 USPQ2d 1051, 1053 (Fed.Cir. 1987). Inherent anticipation requires that the missing descriptive material is "necessarily present," not merely probably or possibly present, in the prior art. *In re Robertson,* 169 F.3d 743, 745, 49 USPQ2d 1949, 1950–51 (Fed.Cir.1999) (citing *Continental Can Co. USA, Inc. v. Monsanto Co.,* 948 F.2d 1264, 1268, 20 USPQ2d 1746, 1749 (Fed.Cir.1991)).

In this case, the district court determined that the Sweda catalogue anticipated, or disclosed and enabled each and every element of, the claimed invention. The Sweda catalogue advertises three different methods of making customized watches: a "full color watch rendering" method, a "mock-up sample" method, and a "speculative sample" method. The catalogue states that the first two methods use a computer laser printer, and the "speculative samples" method uses silk-screening, hot stamping, color process/offset printing, etchograph stamping, or engraving. The catalogue then shows images of color watch faces made with each of the advertised methods. All three methods require the customer to submit "camera ready, color separated artwork," i.e., separate pieces of black and white artwork representing each color in the design.

Top concedes that the Sweda catalogue does not teach expressly all limitations of the asserted claims. Hence, the only issue for this court to determine is whether the claim limitations not taught expressly by the Sweda catalogue are nevertheless disclosed inherently. This inherent anticipation question implicates claims 3 and 8. Claim 3 recites, in relevant part:

3. A method of constructing a functional multicolor element having indicia thereon, utilizing a computer and a *color photocopier,* comprising the steps of:

(a) electronically creating or providing in the computer an electronic simulation of the desired functional multicolor element, with indicia thereon;

(b) under the control of the computer, transmitting electronic signals from the computer to the *photocopier* so that the *photocopier* transforms the electronic simulation of the desired functional multicolor element onto a piece of sheet material....

Col. 7, ll. 16–26 (emphases added).

The district court construed the term "color photocopier" to mean a "color printer." The district court noted that the Sweda catalogue expressly advertises: "A color picture of your customers custom logo produced by our new advanced computer laser printer." Based on this, the district court determined that the Sweda catalogue inherently disclosed a color printer because "those in the graphic arts industry would have recognized that a color printing device is necessarily present in the catalogue's description of 'a full color rendering' produced from a 'computer laser printer.'" Nevertheless, a color printer is not a color photocopier.

The '717 patent specification teaches that a "major component" of the invention

"is a printer, preferably a color photocopier." Col. 3, ll. 62–64. At the same time, the patent also recognizes that a color photocopier does more than print in color it copies. Specifically, the specification teaches "photocop[ying] with a color photocopier, such as of the types earlier described." Col. 6, ll. 20–21. The undisputed trial testimony of Dr. Steven J. Bares underscores this point: "Digital color copiers comprise a digital color scanner and a digital color laser printer which are directly connected together so that graphics transformed into digital information through the scanner are transmitted to the digital color laser printer for printing." As a matter of correct claim construction, therefore, a "color photocopier" requires the ability both to print and photocopy subject matter with color.

The difference between a printer and a photocopier may be minimal and obvious to those of skill in this art. Nevertheless, obviousness is not inherent anticipation. *Jones v. Hardy,* 727 F.2d 1524, 1529, 220 USPQ 1021, 1025 (Fed.Cir.1984) ("though anticipation is the epitome of obviousness, [they] are separate and distinct concepts"). Given the strict identity required of the test for novelty, on this record no reasonable jury could conclude that the Sweda catalogue discloses either expressly or inherently a color photocopier. Because claim 3 is not inherently anticipated, dependent claims 4 and 5 also are not anticipated.

■ Claim 8 recites, in relevant part:

8. A method of producing an instrument face having functional indicia thereon, utilizing a computer and printer, comprising the steps of:

(a) *creating* the instrument face with functional indicia thereon *in the computer* in electronic format. . . .

Col. 8, ll. 1–5 (emphases added). While claim 3 has the broader language "creating or providing," claim 8 recites only "creating." Nonetheless, the district court interpreted both claims to require "*creating or providing* in a computer a multicolor logo and hour markings to comprise the face of an instrument." (Emphasis added.) The district court found that the Sweda catalogue inherently anticipated "creating or providing" as required by its claim construction. Because claim 8 requires "creating" rather than "creating or providing," the district court erred in its construction of that claim and in its corresponding determination of inherent anticipation.

The '717 patent does not define expressly "creating" or "providing." The two terms, however, have distinct meanings. Each term appears in claim language. Each therefore imparts a different scope to the claim in which it appears. *See, e.g., Unique Concepts, Inc. v. Brown,* 939 F.2d 1558, 1562, 19 USPQ2d 1500, 1503 (Fed. Cir.1991) ("The fact that mitered linear border pieces meet to form a right angle corner does not make them right angle corner pieces, when the claim separately recites both linear border pieces and right angle corner border pieces.").

In its teachings, the specification treats the two terms differently. For example, with respect to preparing an instrument face for printing, the specification describes a two step process: "The artwork . . . is *created in electronic format in the computer. Information may initially be inputted into the computer for this purpose* from a conventional scanner or a CD ROM." Col. 4, ll. 7–11 (emphasis added). In sum, the patent recognizes that information may be provided (input) into the computer after creation elsewhere or, alternatively, may be created in the computer from scratch. Regarding the creating step, the specification further teaches that "commercially available software programs" may be used to "produce almost

any design desired on an instrument face." Col. 4, ll. 11–14, 18. In view of these teachings, this court construes "creating" to require more than simply using the computer as a conduit to convey information to the printer from a scanner or a CD ROM. Creating requires, rather, a substantive addition or modification of the artwork in the computer, such as when graphics software adds a design to an instrument face.

The Sweda catalogue discloses, as discussed above, various printing methods. These printing methods disclose nothing about creating artwork in a computer. For this reason, the Sweda catalogue does not inherently anticipate claim 8. Specifically, the Sweda catalogue may well have created instrument faces with conventional manual methods. Then after manual creation or assembly, the Sweda catalogue may have provided those faces to a computer only for printing. Indeed, the Sweda catalogue required expressly that its customers provide color separations of their artwork. The record suggests that those of skill in this art use color separations to create manually a composite color rendering of the desired image. Then a black and white laser printer makes separate transparent color sheets based on the color separations. Finally, the artisans overlay the separate color sheets manually to form a composite color rendering of the desired image. This process requires no substantive addition or modification of the artwork in the computer—as mandated by a correct reading of the term "create." In other words, the process suggested by the Sweda catalogue combines the color sheets outside of the computer, with the computer serving merely as a conduit for printing. It is irrelevant that a skilled artisan might possibly use the computer to create the final desired image from the color separations. Inherency does not embrace probabilities or possibilities. *In re Robertson,*

169 F.3d 743, 745, 49 USPQ2d 1949, 1951 (Fed.Cir.1999). In sum, no reasonable jury could find that the Sweda catalogue anticipates either expressly or inherently this claim.

Cases involving novelty, with its strict identity requirement, are quite rare. Obviousness seems the actual issue here. This court, however, cannot reach that question without a fully developed record. Obviousness involves, for instance, questions of suggestion to combine, *see, e.g., In re Rouffet,* 149 F.3d 1350, 47 USPQ2d 1453 (Fed.Cir.1998), and objective indicators of patentability, *see, e.g., Graham v. John Deere Co.,* 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966). On appeal, this court cannot venture into these factual and complex areas without a developed record. Accordingly, this record requires remand to permit the trial court to apply the obviousness standards in light of the Sweda catalogue and other prior art as viewed with the knowledge of one of skill in the art at the time of invention.

## CONCLUSION

Because the district court erred in granting summary judgment that claims 3–5, 8, 12, and 13 are inherently anticipated, this court vacates and remands for a determination on the issue of obviousness and other proceedings consistent with this opinion.

## COSTS

Each party shall bear its own costs.

*VACATED AND REMANDED.*