**ROSCO, INC., Plaintiff–Appellant,**

v.

**MIRROR LITE COMPANY,**
Defendant–Cross
Appellant.

Nos. 01–1271, 01–1302.

United States Court of Appeals,
Federal Circuit.

DECIDED: Sept. 24, 2002.

Alfred R. Fabricant, Ostrolenk, Faber, Gerb & Soffen, LLP, of New York, NY, argued for plaintiff-appellant. With him the brief was Max Moskowitz.

John A. Artz, Artz & Artz, P.C., of Southfield, MN, argued for defendant-cross appellant. With him on the brief were John S. Artz and Robert P. Renke.

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

DYK, Circuit Judge.

Rosco, Inc. ("Rosco") appeals the decision of the United States District Court for the Eastern District of New York finding Rosco's design patent, United States Design Patent No. 346,357 ("the '357 patent"), invalid as functional and obvious, finding that Rosco abandoned its claim that Mirror Lite Company ("Mirror Lite") inequitably procured its utility patent, United States Patent No. 5,589,984 ("the '984 patent"), and rejecting Rosco's claims under 15 U.S.C. § 1125(a) of tortious interference with business relations, misrepresentation, and common law trademark infringement. *Rosco, Inc. v. Mirror Lite Co.,* 139 F.Supp.2d 287 (E.D.N.Y.2001). Mirror Lite cross-appeals the district court's decision that the claims of the '984 patent are invalid. Because the district court erred in finding the '357 patent invalid as functional and obvious; finding the claims of the '984 patent invalid under 35 U.S.C. §§ 102(e) and 102(g); and finding that Rosco abandoned its inequitable conduct claims, we reverse in part, vacate in part, and remand. On remand, the district court should make findings and conclusions on all relevant issues as required by Federal Rule of Civil Procedure 52. Fed. R.Civ.P. 52. We affirm the district court's rejection of Rosco's claims under 15 U.S.C. § 1125(a) of misrepresentation and common law trademark infringement.

## BACKGROUND

Rosco and Mirror Lite are competitors in the school bus mirror market. This dispute involves "cross-view" mirrors, which are convex, three-dimensional, curved surface mirrors mounted on the front fender of a school bus, enabling the bus driver to view the front and passenger side of a school bus. Rosco filed a complaint on November 19, 1996, and amended the complaint on December 27, 1996 (the "Rosco I case"). A second civil action was subsequently filed by Rosco in October 1999 (the "Rosco II case"). Mirror Lite asserted a counterclaim in the second action. The two cases were consolidated.

Each party owns a patent that it alleged was infringed by the other. Rosco raised a variety of other claims.

### 1. Rosco's '357 Design Patent

Rosco's '357 design patent relates to an oval, highly convex cross-view mirror with a black, flat metal backing. Rosco applied for the patent on April 14, 1992, and the patent issued on April 26, 1994. Rosco alleged that Mirror Lite infringed the '357 design patent. Mirror Lite argued that the '357 design patent was invalid as functional and therefore was not infringed.

### 2. Mirror Lite's '984 Utility Patent

Mirror Lite's '984 utility patent relates to an oval cross-view mirror with a varying radius of curvature along the major axis of the convex ellipsoid mirror lens. Mirror Lite filed the parent application that led to the '984 patent on September 9, 1992. The '984 patent issued on December 31, 1996. Rosco requested declaratory judgment that all claims of the '984 patent were invalid as anticipated under 35 U.S.C. § 102(a), invalid for failure to name the true inventor under 35 U.S.C. § 102(f), invalid as previously invented by another under 35 U.S.C. § 102(g), and unenforceable due to Mirror Lite's inequitable conduct in procuring the patent.[1] Mirror Lite counterclaimed that Rosco infringed the '984 patent.

---

1. The district court deemed Rosco's complaint amended to add claims of patent invalidity under 35 U.S.C. § 102(e) (inherently anticipated by prior art) and 35 U.S.C. § 103 (invalid as obvious). *Rosco,* 139 F.Supp.2d at 300.

### 3. Rosco's Other Claims

Rosco also alleged that Mirror Lite: engaged in tortious interference with business relations by procuring the '984 patent through inequitable conduct; engaged in misrepresentation by publishing disparaging statements about Rosco's mirrors; and engaged in common law trademark infringement by using the marks "Eagle Eye" and "Mini Eagle Eye" to compete with Rosco's "Hawk Eye" and "Mini Hawk Eye" products.

In the Rosco I case, Mirror Lite moved for summary judgment on all claims, and the district court granted summary judgment as to Rosco's claim of tortious interference with business relations. *Rosco*, 139 F.Supp.2d at 294–95. The court denied Rosco's motion for reconsideration on August 19, 1999. *Id.* However, the court later effectively granted reconsideration and reinstated the claim of tortious interference with business relations. *Id.* at 304 n. 14.

After a bench trial, the district court: found the '357 design patent invalid as functional and obvious under 35 U.S.C. § 103; found the claims of the '984 patent invalid under 35 U.S.C. §§ 102(e) and 102(g); did not reach Rosco's claim for design patent infringement because it found the '357 patent invalid; did not reach Mirror Lite's claim of patent infringement because it found the '984 patent claims invalid; did not address the validity of the '984 patent under 35 U.S.C. §§ 102(a), 102(f), and 103; found that Rosco abandoned its inequitable conduct claims; and rejected Rosco's claims of misrepresentation and common law trademark infringement.

The parties timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

This case presents an example of the need for clear findings of fact and conclusions of law. Federal Rule of Civil Procedure 52(a) requires that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon." Fed.R.Civ.P. 52(a). We have noted the importance of compliance with these requirements, recognizing that one of the purposes of Rule 52(a) is to "provide the appellate court with an adequate basis for review." *Gechter v. Davidson*, 116 F.3d 1454, 1458, 43 USPQ2d 1030, 1033 (Fed.Cir.1997); *see also Pretty Punch Shoppettes, Inc. v. Hauk*, 844 F.2d 782, 784, 6 USPQ2d 1563, 1565 (Fed.Cir.1988) ("[T]he trial court must provide sufficient factual findings such that we may meaningfully review the merits of its order."). Here, the district court failed in several instances to make sufficient findings of fact and conclusions of law to provide the necessary predicate for judicial review.

We note also that the parties in this case have made prolix, confusing, and contentious arguments, which no doubt made it particularly difficult for the district court to address the issues with clarity and precision. We trust that, on remand, counsel will provide the necessary assistance to the district court by appropriately narrowing the issues and coherently explaining their respective positions.

## I Rosco's '357 Design Patent

■ "A patent shall be presumed valid." 35 U.S.C. § 282 (2000). To overcome this presumption of validity, the party challenging a patent must prove facts supporting a determination of invalidity by clear and convincing evidence. *Apotex USA, Inc. v. Merck & Co.*, 254 F.3d 1031, 1036 (Fed.Cir.2001), *cert. denied*, 534 U.S. 1172,

122 S.Ct. 1196, 152 L.Ed.2d 136 (2002) (citing *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1360, 220 USPQ 763, 770 (Fed.Cir.1984)).

Rosco's '357 design patent shows a highly convex, curved-surface, three-dimensional oval mirror with a black, flat metal backing. In May 1992, Rosco began manufacturing the mirror of the '357 patent under the name "Eagle Eye."

Rosco alleged that Mirror Lite infringed the '357 patent by manufacturing and selling a duplicate of Rosco's mirror under the name "Hawk Eye." Mirror Lite argued that the '357 patent was invalid as functional. The district court found the '357 design patent invalid as functional. *Rosco*, 139 F.Supp.2d at 296.

■■■ We apply a stringent standard for invalidating a design patent on grounds of functionality: the design of a useful article is deemed functional where "the appearance of the claimed design is 'dictated by' the use or purpose of the article." *L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1123, 25 USPQ2d 1913, 1917 (Fed.Cir.1993) (citing *In re Carletti*, 51 C.C.P.A. 1094, 328 F.2d 1020, 1022, 140 USPQ 653, 654 (CCPA 1964)). "[T]he design must not be governed solely by function, *i.e.*, that this is not the only possible form of the article that could perform its function." *Seiko Epson Corp. v. Nu–Kote Int'l, Inc.*, 190 F.3d 1360, 1368, 52 USPQ2d 1011, 1017 (Fed.Cir.1999). "When there are several ways to achieve the function of an article of manufacture, the design of the article is more likely to serve a primarily ornamental purpose." *L.A. Gear*, 988 F.2d at 1123, 25 USPQ2d at 1917 (citations

omitted). That is, if other designs could produce the same or similar functional capabilities, the design of the article in question is likely ornamental, not functional. Invalidity of a design patent claim must be established by clear and convincing evidence. *Id.*

■■■ The district court found that because the mirror's oval shape, the asserted point of novelty of the '357 patent, "of necessity dictates its function," the '357 patent was invalid as functional.[2] *Rosco*, 139 F.Supp.2d at 296. The court based its determination of functionality on its findings that the mirror of the '357 patent offered a unique field of view (when compared to Mirror Lite's Bus Boy mirror); that Rosco represented to the Patent and Trademark Office that its mirror provided a superb field of view; and that Rosco marketed the mirror of the '357 patent as more "aerodynamic" than other cross-view mirrors. *Id.*

The mere fact that the invention claimed in the design patent exhibited a superior field of view over a single predecessor mirror (here, the Bus Boy) does not establish that the design was "dictated by" functional considerations, as required by *L.A. Gear*. The record indeed reflects that other mirrors that have non-oval shapes also offer that particular field of view. Similarly, nothing in the record connects the oval shape of the patented design with aerodynamics, and the record shows that other non-oval shaped mirrors have the same aerodynamic effect.

Mirror Lite has not shown by clear and convincing evidence that there are no designs, other than the one shown in Rosco's

---

**2.** The district court's finding in this respect appears to be inconsistent with its earlier summary judgment decision, in which it noted: "A review of the other cross-over mirrors on the market reveals that several different styles of cross-over mirrors exist .... It can-

not be said that the oval shape and flat backing are dictated by function." *Rosco, Inc. v. Mirror Lite Co.*, No. CV–96–5658, at 15 (E.D.N.Y. June 2, 1999) (order granting summary judgment in part).

'357 patent, that have the same functional capabilities as Rosco's oval mirror. Under these circumstances it cannot be said that the claimed design of the '357 patent was dictated by functional considerations. We reverse the district court and hold that the '357 patent claim was not shown to be invalid on functionality grounds.

 The district court in a footnote further found the '357 patent claim invalid as obvious, stating simply that "the '357 Patent is invalid as obvious." *Rosco,* 139 F.Supp.2d at 296 n. 5. No findings to support this holding of obviousness were made. A finding of obviousness cannot be made without determining whether the invalidating prior art shows or renders obvious the ornamental features of the claimed design. *OddzOn Prods., Inc. v. Just Toys, Inc.,* 122 F.3d 1396, 1404, 43 USPQ2d 1641, 1646 (Fed.Cir.1997).[3] Because the district court failed to make the necessary findings as to obviousness, we remand for compliance with Rule 52. Should the district court find the '357 patent not invalid, the issue of whether that patent was infringed would have to be addressed by the district court.

## II Mirror Lite's '984 Utility Patent

Mirror Lite's '984 patent claims an oval cross-view mirror with a varying radius of curvature along the major axis of the lens. Rosco sought a declaratory judgment that the '984 patent claims were invalid under 35 U.S.C. §§ 102 and 103, and that the '984 patent was unenforceable on grounds of inequitable conduct.

The district court found claims 1–3 and 6–8 of the '984 patent invalid under both 35 U.S.C. § 102(e) (invalidating claims based on anticipation by an earlier filed United States application) and 35 U.S.C. § 102(g) (invalidating claims based on prior invention "by another"). *Rosco,* 139 F.Supp.2d at 302–03. Independent claim 1 provides:

A mirror assembly, comprising:

(a) a mirror lens having a reflective outer surface and a non-reflective rear surface, the mirror lens comprising a mirror body which terminates in an oval perimetral edge, the edge surrounds the reflective surface and the non-reflective surface of the mirror lens, the mirror body being a substantially convex ellipsoid having a major axis and a minor axis which intersects with the major axis, *the major axis having a varying radius of curvature,* which radius decreases from the intersection with the minor axis to the perimetral edge.

'984 patent, col. 4, ll. 21–31 (emphasis added). Claim 1 thus requires a "varying radius of curvature" along the major axis of the lens. Rosco argued that if the prior art disclosed the varying radius of curvature, then claim 1 is invalid. It made the same argument with respect to dependent claims 2–3 and 6–8. The district court agreed. *Rosco,* 139 F.Supp.2d at 302.

 When determining the validity of the claims of a patent, each claim must be separately considered:

---

**3.** *See In re Haruna,* 249 F.3d 1327, 1335, 58 USPQ2d 1517, 1522 (Fed.Cir.2001) ("The obviousness of a design 'is determined by ascertaining whether the applicable prior art contains any suggestion or motivation for making the modifications in the design of the prior art article in order to produce the claimed design.' ") (quoting *Hupp v. Siroflex of Am., Inc.,*

122 F.3d 1456, 1462, 43 USPQ2d 1887, 1891 (Fed.Cir.1997)); *Durling v. Spectrum Furniture Co.,* 101 F.3d 100, 103, 40 USPQ2d 1788, 1790 (Fed.Cir.1996) (The inquiry under section 103 is "whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved.").

*Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim.... The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting invalidity.*

35 U.S.C. § 282 (2000) (emphasis added). Here, the district court found claims 1–3 and 6–8 of the '984 patent invalid without explicitly addressing and analyzing each claim, apparently addressing only independent claim 1.[4] There is no evidence that Mirror Lite conceded that those claims stand or fall with independent claim 1. The district court erred by not separately addressing each claim, and on remand should do so. Because we find that the district court's grounds for finding invalidity are not substantiated, we need not consider the claims individually here.

■ The district court found that the '357 patent inherently disclosed the invention of the '984 patent under 35 U.S.C. § 102(e), such that one skilled in the art would read the '357 patent as disclosing a mirror with varying radius of curvature: "the '357 Patent shows a mirror with a varying radius of curvature based on the inherent nature of such a characteristic." *Rosco,* 139 F.Supp.2d at 301. The district court concluded that "one skilled in the art could produce the results claimed in the '984 Patent simply by practicing the '357 Patent, *i.e.,* the result flows naturally from

the express disclosures of the '357 Patent whether or not others are aware of it." *Id.* at 300. In reaching this conclusion, the district court relied on Benjamin Englander's[5] testimony that "Rosco would have preferred to have a mirror that had a constant radius of curvature, ... [but] the vacuum thermoforming process used to manufacture such mirrors of necessity yields a mirror with a varying radius of curvature." *Id.* at 301–02. Noting that "[t]his evidence was not contradicted at trial," the court concluded that "anyone practicing the '357 patent by attempting to manufacture it would, on the uncontradicted evidence at trial, come up with a mirror with a varying radius of curvature." *Id.* at 301.

■ We disagree. Under the doctrine of inherency, if an element is not expressly disclosed in a prior art reference, the reference will still be deemed to anticipate a subsequent claim if the missing element "is necessarily present in the thing described in the reference, and that it would be so recognized by persons of ordinary skill." *Cont'l Can Co. v. Monsanto Co.,* 948 F.2d 1264, 1268, 20 USPQ2d 1746, 1749 (Fed.Cir.1991). "Inherent anticipation requires that the missing descriptive material is 'necessarily present,' not merely probably or possibly present, in the prior art." *Trintec Indus., Inc. v. Top–U.S.A. Corp.,* 295 F.3d 1292, 1295, 63 USPQ2d 1597, 1599 (Fed.Cir.2002) (quoting *In re Robertson,* 169 F.3d 743, 745, 49 USPQ2d 1949, 1950–51 (Fed.Cir.1999)). The vacuum thermoforming process, however, is not specified in the '357 patent.

---

4. Also, the district court failed to explicitly mention claims 4, 5, and 9, instead concluding: "the '984 patent is declared invalid." *Rosco,* 139 F.Supp.2d at 303. On remand, the district court should consider these claims.

5. Rosco is a closely held corporation owned by the Englander family: Solomon Englander, Rosco's president (father); Benjamin Englander, Rosco's vice president of engineering (son); Daniel Englander, Rosco's vice president of finance (son); and Gertrude Englander (mother).

Thus, the question is not whether the manufacture of the mirror using this process inherently results in a varying radius of curvature along the major axis, but whether one skilled in the art would read the '357 patent as inherently disclosing the invention of the '984 patent, that is, whether one skilled in the art would read the '357 patent as showing a mirror of varying radius of curvature along the major axis. There is no evidence in the record to support a finding that one skilled in the art would so read the '357 patent. Englander's testimony only purports to establish that mirrors manufactured using the vacuum thermoforming process yield a varying radius of curvature along the major axis, but does not purport to establish that the mirror of the '357 patent can only be manufactured by that particular process. At oral argument, counsel for Rosco could not identify any evidence that one skilled in the art would read the '357 patent as inherently disclosing a mirror with varying radius of curvature along the major axis. We accordingly reverse the district court's conclusion that the '984 patent is invalid under section 102(e).

The district court also found claims 1–3 and 6–8 of the '984 patent invalid under section 102(g) in view of Rosco's pre–1992 products, finding that Rosco made the invention of the '984 patent before the '984 critical date. A patent is invalid under section 102(g)(2) if "before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it." 35 U.S.C. § 102(g)(2) (2000); *Dow Chem. Co. v. Astro–Valcour, Inc.*, 267 F.3d 1334, 1339, 60 USPQ2d 1519, 1522 (Fed.Cir.2001). Prior invention by another invalidates a claimed invention under section 102(g)(2) if the prior inventor either reduced the invention to practice first, or conceived of the invention first and

subsequently reduced the invention to practice. However, "[i]t is well-settled that conception and reduction to practice cannot be established nunc pro tunc. There must be *contemporaneous recognition and appreciation* of the invention ...." *Estee Lauder Inc. v. L'Oreal, S.A.*, 129 F.3d 588, 593, 44 USPQ2d 1610, 1614 (emphasis in original) (citing *Breen v. Henshaw*, 472 F.2d 1398, 1401, 176 USPQ 519, 521 (CCPA 1973); *see also Dow Chem. Co. v. Astro–Valcour, Inc.*, 267 F.3d 1334, 1341, 60 USPQ2d 1519, 1523 (Fed.Cir. 2001) ("[T]here is no conception or reduction to practice where there has been no recognition or appreciation of the existence of the [invention].")). The question is whether Rosco actually recognized and appreciated a mirror with varying radius of curvature along the major axis of the lens. Though the issue is disputed, particularly with regard to trial exhibit 110, we may assume for present purposes that the earlier Rosco product did in fact have a varying radius of curvature along the major axis of the lens. But there is no evidence that this feature of the invention was recognized and appreciated.

At oral argument we requested Rosco's counsel to identify any evidence that, at the time of invention, Rosco recognized that the mirror it designed had a varying radius of curvature along the major axis, even though Rosco intended to design a mirror with *constant* curvature along the major axis that would not distort the images in the mirror lens. Counsel pointed to the testimony of Englander, who was asked: "When you came up with the idea of this oval mirror, did you have any part of your idea, did it relate to this concept of varying curvature?" Englander answered: "The varying curvature, in my mind, it was automatic because this is the process of producing these lenses which has to have, by nature, a various curva-

ture." Englander's testimony is self-interested and lacks corroboration. It is well established that a party claiming his own prior inventorship must proffer evidence corroborating his testimony. *Sandt Tech. Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1350, 60 USPQ2d 1091, 1094 (Fed.Cir.2001). Englander's testimony is insufficient to constitute clear and convincing evidence that Rosco conceived the invention of the '984 patent before the '984 critical date. We therefore reverse the district court's conclusion that the '984 patent is invalid under section 102(g).

The district court did not decide whether the '984 patent was invalid under sections 102(a), 102(f), or 103, stating that "[s]ince the '984 Patent is invalid under 35 U.S.C. § 102(e) and (g), there is no need to consider claims of its invalidity under 35 U.S.C. §§ 102(a), (f), or 103." *Rosco*, 139 F.Supp.2d at 303 n. 13. On remand, the district court should analyze the validity of each claim and should consider validity under sections 102(a), 102(f), and 103.

■■■ Finally, the district court rejected Rosco's claim that the '984 patent was unenforceable for inequitable conduct, stating that "Rosco is not entitled to judgment that the '984 patent was inequitably procured." *Rosco, Inc. v. Mirror Lite Co.*, No. CV–96–5658 and CV–99–6211, at 2 (E.D.N.Y. Feb. 21, 2001) (final judgment). The district court made no findings or conclusions supporting this result, and did not expressly consider this claim.[6] Again we hold that a remand is required for necessary findings and conclusions as to each claim.

If on remand the district court finds any of the '984 patent claims not invalid and not unenforceable, the issue of whether

those claims were infringed would have to be addressed by the district court.

## III Rosco's Tortious Interference Claim

Rosco stated a claim under 15 U.S.C. § 1125(a) for tortious interference with business relationships based on Mirror Lite's alleged inequitable conduct in securing the '984 patent. [A11]. In a footnote, the district court rejected this claim on the ground that it had been abandoned:

> [T]he Court informed counsel for both parties that the summary judgment opinion ... did not dispose of Rosco's claim of tortious interference with business relations ... and invited the parties to submit briefing on this issue. Rosco has not pursued this cause of action at all in either of its two post-trial briefs. Therefore, the Court must consider that Rosco has abandoned this cause of action.

*Rosco*, 139 F.Supp.2d at 304 n. 14. At oral argument Mirror Lite, with commendable candor, agreed that this claim had not been abandoned, because Rosco had in fact briefed the issue in its post-trial brief. We agree, and remand for findings and conclusions relating to this claim based on the record established at trial.

## IV Rosco's Misrepresentation Claim

■■■ The district court dismissed on summary judgment Rosco's claim that Mirror Lite engaged in unfair competition under 15 U.S.C. § 1125(a) by publishing disparaging statements about Rosco's oval mirror, *Rosco, Inc. v. Mirror Lite Co.*, No. CV–96–5658, at 30 (E.D.N.Y. June 2, 1999) (order granting summary judgment in part) and denied reconsideration. Rosco alleged that Mirror Lite misrepresented Rosco's oval mirror to consumers by pub-

---

6. We reject Mirror Lite's argument that the inequitable conduct issue was not properly raised.

lishing various statements, such as that Rosco's mirror did not comply with federal safety standards and that school bus owners must replace their mirrors with mirrors of "identical appearance" to comply with federal safety standards. To establish misrepresentation under 15 U.S.C. § 1125(a), a plaintiff must show that the statement at issue is either (1) literally false as a factual matter; or (2) although literally true, it is likely to deceive or confuse customers. *Nat'l Basketball Assoc. v. Motorola, Inc.*, 105 F.3d 841, 855, 41 USPQ2d 1585, 1597 (2d Cir.1997). The plaintiff must also prove that the "defendant misrepresented an 'inherent quality or characteristic' of the product." *Nat'l Assoc. of Pharm. Mfrs. v. Ayerst Labs.*, 850 F.2d 904, 917, 7 USPQ2d 1530, 1540 (2d Cir.1988) (citation omitted).

■ The district court dismissed Rosco's unfair competition claim after finding these statements "literally true," and that they were not "implicitly false" so as to cause confusion. *Rosco, Inc. v. Mirror Lite Co.*, No. CV–96–5658, at 27–28 (E.D.N.Y. June 2, 1999) (order granting summary judgment in part). We affirm the district court. Rosco did not offer evidence of clear untruth or implied untruth sufficient to defeat summary judgment. We uphold the district court's grant of summary judgment as to this claim, because there is no genuine issue as to the truth of those statements.

## V Rosco's Common Law Trademark Infringement Claim

■ The district court rejected Rosco's claim that Mirror Lite infringed its "Hawk Eye" and "Mini Hawk Eye" common law marks in violation of 15 U.S.C. § 1125(a): "Rosco has produced no evidence in the

form of consumer surveys, advertising expenditure, or unsolicited media coverage that 'Hawk Eye' and 'Mini Hawk Eye' have attained secondary meaning. Nor has Rosco established a likelihood of confusion, given the sophistication of the purchasers in the school bus mirror market." [7] *Rosco*, 139 F.Supp.2d at 303–04.

■ Rosco asserted its claim under 15 U.S.C. § 1125(a), section 43(a) of the Lanham Act. Unregistered marks receive essentially the same protection as registered marks: "[T]he Court interprets this section [§ 43(a) ] as having created a federal cause of action for infringement of unregistered trademark or trade dress and concludes that such a mark or trade dress should receive essentially the same protection as those that are registered." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 776, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992) (Stevens, J., concurring). McCarthy notes: "When section 43(a) is used as a federal vehicle for assertion of traditional claims of infringement of trademarks, ... the courts have used as substantive law the traditional rules of trademarks and unfair competition law," and concludes that "the test of liability is likelihood of confusion." 4 *McCarthy on Trademarks and Unfair Competition* § 27:18 at 27–32 (4th ed.2002). *See also New West Corp. v. NYM Co. of Cal.*, 595 F.2d 1194, 1201, 202 USPQ 643, 649 (9th Cir.1979) ("[U]nder [§ 43(a)] the ultimate test is whether the public is likely to be deceived or confused by the similarity of the marks.... Whether we call the violation infringement, unfair competition or false designation of origin, the test is identical—is there a 'likelihood of confusion'?").

7. While Rosco's "Hawk Eye" mark was apparently a registered trademark, Rosco asserted claims under 15 U.S.C. § 1125(a), which protects unregistered marks. We therefore do not understand Rosco to have asserted a claim of trademark infringement.

To prevail on a claim for common law trademark infringement under section 1125(a), a party must show likelihood of confusion. This is required by the statute itself: section 1125(a) is triggered by a use that "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association" of the user with the senior user. 15 U.S.C. § 1125(a) (2000). Rosco does not challenge the district court's finding that it failed to show likelihood of confusion.

Because Rosco did not show likelihood of confusion, we affirm the district court's denial of this claim. We need not address the district court's alternative ground for rejecting this claim, i.e., that Rosco failed to establish secondary meaning.[8]

Finally, we have considered Mirror Lite's procedural objections and find them to be without merit.

## CONCLUSION

On remand, the following issues should be addressed on the basis of the existing trial record:

1) whether Mirror Lite has shown by clear and convincing evidence that Rosco's '357 design patent is invalid under 35 U.S.C. § 103;

2) whether Rosco has shown by preponderant evidence that Mirror Lite in-

fringed (if valid) Rosco's '357 design patent;

3) whether Rosco has shown by clear and convincing evidence that Mirror Lite's '984 patent is invalid under 35 U.S.C. §§ 102(a), 102(f), and 103, considering each claim separately;

4) whether Rosco has shown by clear and convincing evidence that Mirror Lite's '984 patent is unenforceable due to inequitable conduct;

5) whether Mirror Lite has shown by preponderant evidence that Rosco infringed any valid claim of its '984 patent (if those claims are valid and enforceable); and

6) whether Rosco has shown that Mirror Lite engaged in tortious interference with business relations through inequitable conduct in procuring the '984 patent.

## COSTS

No costs.

*AFFIRMED–IN–PART, REVERSED–IN–PART, VACATED–IN–PART, and REMANDED.*

---

8. Three other claims under 15 U.S.C. § 1125 were originally asserted in the district court: Rosco alleged that Mirror Lite infringed its alleged common law trademark rights in its product numbering system; infringed the trade dress of its "Hawk Eye" mirrors; and infringed its alleged common law trademark rights in the "Eagle Eye" mark. It is not clear whether Rosco's common law trademark claim as to its product numbering system is at issue on appeal, but we find no error with the district court's rejection of that

claim. As for the trade dress claim, the district court concluded that Rosco abandoned its trade dress claim in light of the Supreme Court's decision in *Wal–Mart Stores, Inc. v. Samara Brothers, Inc.,* 529 U.S. 205, 216, 120 S.Ct. 1339, 146 L.Ed.2d 182 (2000). Rosco does not argue to the contrary. Finally, the district court found that Rosco abandoned its claim that its alleged common law trademark rights in the "Eagle Eye" mark were infringed. We do not understand this ruling to be challenged on appeal.