MAYER, Circuit Judge,
dissenting.
I dissent from the majority’s decision to remand the issue of anticipation to the district court. See ante at 1362-65. The jury having found that U.S. Patent No. 5,772,874 is not obvious under 35 U.S.C. § 103, remanding the case for “further proceedings” on whether the patent is anticipated is a waste of time and resources.
It is true that the tests for obviousness and anticipation are distinct, and that a district court should not refuse to submit a claim of anticipation to the jury merely because an accused infringer also asserts an obviousness defense. It does not follow, however, that if a jury has already determined that an invention is not obvious, remand is required so that it can consider whether the invention is anticipated. The jury here considered all of the allegedly anticipating prior art references, but nonetheless returned a verdict that the asserted claims are non-obvious. If a series of prior art references did not render the claimed invention obvious, how could one of those references contain each and every element of the claimed invention so as to render it anticipated? See Schering Corp. v. Geneva Pharms., Inc., 339 F.3d 1373, 1379 (Fed.Cir.2003) (a claim is anticipated if each and every limitation is found in a single prior art reference).*
Although a claimed invention can be obvious but not anticipated, it “cannot have been anticipated and not have been obvious.” In re Fracalossi, 681 F.2d 792, 794 (CCPA 1982) (emphasis added). Indeed, this court has repeatedly emphasized that “a disclosure that anticipates ... also renders the claim invalid under § 103, for anticipation is the epitome of obviousness.” Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 1548 (Fed.Cir.1983) (citations and internal quotation marks omitted); see Johns Hopkins Univ. v. CellPro, Inc., 152 F.3d 1342, 1357 n. 21 (Fed.Cir.1998) (a disclosure that anticipates also renders a claim obvious); In re Pearson, 494 F.2d 1399, 1402 (CCPA 1974) (anticipation is “the ultimate ... obviousness”) (citations and internal quotation marks omitted); In re Kalm, 54 C.C.P.A. 1466, 378 F.2d 959, 962 (1967) (“Necessarily, a description in a reference which is insufficient as a matter of law to render a composition of matter obvious to one of ordinary skill in the art would a fortiori be insufficient to ‘describe’ the composition as that term is used [for purposes of establishing anticipation], a complete description being but the ultimate or epitome of obviousness.”). The majority’s assertion that a claim can be anticipated but not obvious, flies in the face of a long line of precedent to the contrary. Not surprisingly, it is unable to cite a case remanding to the district court for consideration of anticipation, while at the same time sustaining a determination that claims at issue are not obvious.**
The fallacy of the majority’s approach can be illustrated by a simple example. *1377 Every apple is a fruit. It follows, therefore, that if something is not a fruit, it cannot be an apple. Similarly, since our precedent makes clear that every anticipated claim is obvious, it follows that if a claim is not obvious, it cannot be anticipated.
The present dispute has already dragged on for nearly a decade and I see no reason to burden the district court and the parties with additional proceedings. Although the majority sends the anticipation issue back to the district court for “further proceedings consistent with [its] opinion,” ante at 1365, one wonders what it expects the court to do. Given the prior non-obviousness determination, it can hardly expect the district court to conclude that there is sufficient evidence of anticipation to send the issue to a new jury. I would affirm the district court’s directed verdict on anticipation.

 The majority cites Trintec Indus., Inc. v. Top-U.S.A. Corp., 295 F.3d 1292, 1296 (Fed.Cir.2002) for the proposition that “obviousness is not inherent anticipation.” Ante at 1364. Trintec held that an invention is not inherently anticipated merely because it is obvious. That, however, is a wholly separate issue from the issue presented here, which is whether claims that are not obvious can ever be anticipated. Trintec does not state that non-obvious claims can be inherently anticipated.

 The majority’s reliance on Mendenhall v. Cedarapids, Inc., 5 F.3d 1557, 1563 (Fed.Cir.1993), is unsupportable. That case held that a district court did not abuse its discretion in refusing to set aside a jury verdict of non- *1377 obviousness even though the jury also returned a verdict of anticipation by prior public use. The issue here, however, is not whether a verdict finding both anticipation by prior public use and non-obviousness can be sustained, but whether remand is required to consider anticipation even after the jury has determined the claims are not obvious.